UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MILLIKEN, | No. 2:20-cv-1446 CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. ALFARO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3    Cir. 1989); Franklin, 745 F.2d at 1227.

4         In order to avoid dismissal for failure to state a claim a complaint must contain more than

5    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

9    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

12   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

13   the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

14   construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15   U.S. 232, 236 (1974).

16        The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

17   which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

18   court will, however, grant leave to file an amended complaint.

19        Plaintiff alleges that defendant failed protect plaintiff from other inmates.  Under the

20   Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands

21   of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks,

22   ellipsis, and citation omitted).  A prison official may be held liable for an assault suffered by one

23   inmate at the hands of another only where the assaulted inmate can show that the injury is

24   sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm.

25   Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate

26   indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future

27   health."  Id. at 834 (internal quotation omitted).

28   /////

In his complaint, plaintiff fails to provide sufficient factual support for his claim that his being attacked was the result of defendant being at least deliberately indifferent to a substantial risk of serious harm. In order to state a claim for failure to protect in an amended complaint, plaintiff must point to specific facts upon which a conclusion could reasonably be based that defendant knew there was a substantial risk plaintiff would be attacked by the inmates who attacked him as a result of defendant's actions.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 19, 2020

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mill1446.14